```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ROBERT DIGIACOMO,

        Plaintiff,

  v.                            Civil No. 18-1649 (NLH/KMW)

DGMB CASINO, LLC d/b/a
ROSORTS CASINO HOTEL and DGMB
CASINO HOLDING, LLC, d/b/a      OPINION
RESORTS CASINO HOTEL,

        Defendants.

**APPEARANCES:**

ROSS M. O'NEILL
COOPER LEVENSON PA
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401

    *Attorney for Defendants.*

**HILLMAN, District Judge**

    This case concerns a common law negligence claim stemming from injuries sustained by Plaintiff Robert DiGiacomo who alleged he slipped and fell on ice in Defendants' parking lot. Presently before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) ("Motion to Dismiss"). This Court will grant Defendants' Motion to Dismiss for the reasons stated below.

### BACKGROUND

    This Court takes its facts from Plaintiff's complaint. On

February 13, 2016, Plaintiff claims he visited Defendants' premises at approximately 2:45 PM. Plaintiff parked his car in the self-park lot and was walking from his car to the front entrance of the casino when he slipped and fell on ice. Plaintiff alleges that Defendants knew or should have known of this condition and that they did not place appropriate warning signs or clean up the allegedly hazardous condition.

On February 6, 2018, Plaintiff filed a complaint in this Court. Plaintiff filed an amended complaint on February 23, 2018. The complaint alleged one count of common law negligence against Defendants, DGMB Casino Holding and DGMB Casino, LLC, both doing business as Resorts Casino Hotel. On March 23, 2018, Defendants answered Plaintiff's Amended Complaint.

Some discovery ensued thereafter. According to Defendants, the parties exchanged limited written discovery by August 9, 2018. But, thereafter, Plaintiff's previously scheduled deposition was cancelled and the discovery deadline was thus extended to November 30, 2018. (ECF No. 13.) Even with the deadline extension, the parties were unable to agree to a time to depose Plaintiff. The reason: Plaintiff's counsel had been unable to locate or communicate with Plaintiff. All deadlines were stayed on November 27, 2018. (ECF No. 14.)

A status conference was held before Magistrate Judge Karen M. Williams on January 4, 2019. Plaintiff's counsel advised the

Court that he had been unable to locate or communicate with his client. On January 11, 2019, counsel for Plaintiff filed a letter with the Court memorializing the relevant facts. (ECF No. 16.) As a result, this Court entered an Order to Show Cause on February 26, 2019, setting forth a briefing schedule and directing Defendants to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) addressing the <u>Poulis</u> factors.

On March 15, 2019 Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 41(b). No response was filed by Plaintiff.

## ANALYSIS

### A.  Subject Matter Jurisdiction

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### B.  Rule 41(b) Standard

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action when a plaintiff fails to prosecute his case or comply with the court rules or a court order. FED. R. CIV. P. 41(b).

Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984). These factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. The Court notes that "[n]ot all of these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Thus, the Court will consider these factors in turn.

**C. Rule 41(b) Motion**

a. <u>The Extent of Plaintiff's Personal Responsibility</u>

The Court finds this factor favors dismissal. Taking Plaintiff's counsel's representations as true, Plaintiff's counsel is not personally responsible for the failure to prosecute this action. (See ECF No. 16.) Since August 2018, Plaintiff's counsel has been diligent in attempting to locate Plaintiff so that litigation could continue, but has been unsuccessful. (See ECF No. 16.)

But, Plaintiff does bear personal responsibility for the lack of prosecution of this action since August 2018. Plaintiff is necessary to continue this action, but has not returned his counsel's telephone calls or correspondence. This action cannot proceed without a deposition of Plaintiff and without Plaintiff

4

guiding, through his counsel, the course of his side of the litigation. For that reason, this Court finds this factor favors dismissal.

> b. <u>The Prejudice to Defendants Caused by the Failure to Meet Scheduling Orders and Respond to Discovery</u>

The Court finds this factor also supports dismissal. Generally, "[e]vidence of prejudice to an adversary . . . 'bear[s] substantial weight in support of dismissal.'" <u>Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund</u>, 29 F.3d 863, 873-74 (3d Cir. 1994) (quoting <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 876 (3d Cir. 1984)). Generally, prejudice includes "'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" <u>Briscoe v. Klaus</u>, 538 F.3d 252, 259 (3d Cir. 2008) (quoting <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003)). Examples of this type of prejudice include the loss of evidence, "'the inevitable dimming of witnesses' memories,'" and burdens or costs imposed upon the discovering party. <u>Id.</u> (citing <u>Adams</u>, 29 F.3d at 874).

Defendants have been unable to depose or conduct a medical examination of Plaintiff nor have they been able to request appropriate medical records from his medical providers. Defendants have complied with the discovery orders in this case and have provided written discovery responses and allowed

Plaintiff's counsel to conduct a site inspection. Plaintiff also provided written discovery responses prior to his disappearance.

Obviously, Plaintiff's disappearance is the root of the lack of continuing discovery in this case. Plaintiff has thus not honored discovery deadlines set by the Court. There is clear prejudice here, including Defendants inability to prepare their case, test Plaintiff's theory, and their obligation to continue to litigate this case in the absence of Plaintiff. This factor strongly favors dismissal.

      c. The History of Dilatoriness

This factor also favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874 (citing Poulis, 747 F.2d at 868). This Court finds that Plaintiffs' counsel have not shown a history of dilatoriness. However, Plaintiff has shown this type of history. Regardless of the reason, Plaintiff has not participated in the case. Plaintiff's disappearance meant he could not be produced for his deposition in November 2018. (Defs.' Mot. to Dismiss, Ex. F.) He continued to be unavailable, thereby missing or extending multiple deadlines and causing the litigation of this case to halt. (See ECF Nos. 13-16.) This factor supports dismissal.

### d. The Willfulness or Bad Faith of the Conduct of Plaintiff or Plaintiff's Counsel

This factor also favors dismissal. According to Defendants, Plaintiff's counsel represented during the January 4, 2019 status conference that he has determined Plaintiff no longer resides in the same apartment and that he has provided no forwarding address or any other information by which to contact him. (Defs.' Mot. to Dismiss 6.) Defendants argue that this factor should be decided as it was in <u>Chimenti v. Kimber</u>, No. 3:CV-01-0273, 2010 U.S. Dist. LEXIS 66023 (M.D. Pa. July 1, 2010).

This Court finds Defendants' argument persuasive. <u>Chimenti</u> involved a defendant doctor who his counsel believed "left [the United States] and is living somewhere in the Middle East" and who counsel had "been unable to contact . . . for a prolonged period of time despite various attempts . . . ." 2010 U.S. Dist. LEXIS 66023, at *4-5. The Court specifically held:

> With respect to the issue of dilatoriness, since it was Doctor Mohadjerin who has voluntarily relocated, perhaps left the country, without apprising either this Court or his legal counsel of his current whereabouts or providing any means by which his attorney could contact him, <u>a finding of dilatoriness and willful conduct is warranted</u>.

<u>Id.</u> at *6-7 (emphasis added). Similarly, here, the Court finds Plaintiff's relocation without leaving any method whereby the Court or his counsel could contact him warrants a finding of

willful conduct. Therefore, the Court finds this factor supports dismissal.

e. <u>The Effectiveness of Sanctions Other than Dismissal</u>

This factor favors dismissal. Essentially, this factor requires the Court to "consider the availability of sanctions alternative to dismissal." <u>Briscoe</u>, 538 F.3d at 262 (citing <u>Poulis</u>, 747 F.2d at 869). This Court finds instructive the treatment of this factor in <u>Cooper v. Atlantic County Justice Facility</u>, No. 15-575 (JBS/JS), 2016 U.S. Dist. LEXIS 3903, at *7-8 (D.N.J. Jan. 12, 2016). In that case, the pro se plaintiff could not be located after he filed his complaint; all mail sent to him was returned as undeliverable. <u>Id.</u> at *1-3. The Court determined that monetary sanctions, an order to show cause requiring the plaintiff to state why his case should not be dismissed, and administrative termination would all be ineffective. <u>Id.</u> at *7-8.

Although circumstances are slightly different in this case, the same reasoning and outcome applies here. Monetary sanctions against Plaintiff would be ineffective since he cannot be located. Monetary sanctions against his counsel would be unwarranted because he is not responsible for Plaintiff's unwillingness to continue with this litigation. For similar reasons, an order to show cause or administrative termination would be ineffective. Nothing short of dismissal will solve the

8

issue of Plaintiff's disappearance.  Thus, this factor favors dismissal.

      f. The Meritoriousness of the Claim or Defense

This factor does not favor dismissal.  Under this factor, the Third Circuit has instructed district courts to "use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim" to determine meritouriousness of claims and defenses.  Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869-70).  Defendants argue that without further information from Plaintiff, they are unable to determine the meritoriousness of his claim or of their possible defenses.  As pleaded, the Court finds no reason - and Defendants provide no reason – why Plaintiff's claim would not pass a Rule 12(b)(6) challenge.  Thus, this factor does not favor dismissal.

On balance, this Court finds the Poulis factors weigh in favor of dismissal.  Sometime during August 2018, it appears Plaintiff did not actually wish to continue this litigation and – despite the best efforts of his counsel – it appears Plaintiff also does not wish to be found.  Nothing short of dismissal will alleviate the prejudice caused to Defendants.  Thus, this Court will grant Defendants' Motion to Dismiss.

**CONCLUSION**

Based on the foregoing reasons, this Court will grant Defendants' Motion to Dismiss.

An appropriate Order will be entered.

Date: April 15, 2019　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　NOEL L. HILLMAN, U.S.D.J.